CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JARED L. GRIMMER
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
jared.l.grimmer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00221-MMD-DJA |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM (ECF No. 190) |
| v. | |
| TAISAI SOLOAI FAUOLO, | |
| Defendant. | |

The United States of America files this timely response to Mr. Fauolo's sentencing memorandum (ECF No. 190). The Presentence Investigation Report ("PSR") calculates Mr. Fauolo's offense level at 21, a criminal history category of I, an advisory Guideline range of 37 – 46 months, and recommends a low-end sentence of 37 months custody followed by 3 years of supervised release. Pursuant to the plea agreement between the parties, the government requests a sentence of 27 months in custody, followed by 3 years of supervised release.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

**Facts and Procedural History**

On July 24, 2018, defendant Taisia Soloai Fauolo ("Fauolo") was charged in an indictment with one count of Illegal Receipt of a Firearm by Person Under Indictment, in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 924(a)(1)(D). ECF No. 17. On August 8, 2018, Fauolo made his initial appearance in this district on the indictment, and was ordered detained, based on an order of detention from a prior detention hearing in the Northern District of California. ECF No. 24. Following Fauolo's motion to reopen his detention hearing, and a hearing before this Court, he was ordered released on conditions of pretrial supervision. ECF Nos. 24, 34. On July 17, 2019, Fauolo appeared before this Court on a summons for violations of his pretrial supervision. ECF No. 67, PSR Para. 6. Fauolo was admonished, and released on his prior conditions of supervision. *Id*.

On November 12, 2019, Fauolo was charged in a superseding criminal indictment with one count of Illegal Receipt of a Firearm by Person Under Indictment, in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 924(a)(1)(D). ECF No. 85. Fauolo had absconded from supervision and was not present for trial, which was held with his co-defendant, James Williams, Jr. ("Williams") on November 19 – 21, 2019. ECF Nos. 121, 122, 126, 127, 129. Following trial, the jury found Williams guilty of False Statement During Purchase of a Firearm. ECF No. 129. On February 23, 2020, Williams was sentenced by this Court to 28 months of custody, followed by 3 years of supervised release. ECF No. 153.

On March 10, 2020, Fauolo was arrested in California on a warrant issued by this Court on November 7, 2019, after absconding from pretrial supervision. PSR Para. 6. Fauolo has been held in continuous federal custody since that date.

On November 10, 2020, pursuant to a plea agreement, Fauolo plead guilty to Illegal Receipt of a Firearm by Person Under Indictment, in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 924(a)(1)(D). ECF No. 181.

## ARGUMENT

**In Consideration of 18 U.S.C. § 3553 Factors, a Sentence of 27 Months of Custody and 3 years of Supervised Release is Appropriate and Warranted**

In calculating an appropriate sentence, this Court must consider the need for the sentence imposed:

> "to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense;
> to afford adequate deterrence to criminal conduct;
> to protect the public from further crimes of the defendant…"

18 U.S.C. § 3553(a)(2)(A), (B) and (C), *United States v. Booker*, 543 U.S. 220 (2005). Fauolo's relevant conduct is compounded by the seriousness of his actions. In obtaining (likely purchasing) the four handguns from Williams, it is reasonable to conclude that Fauolo was planning to take these handguns back to California. In fact, this case was initiated by the ATF after guns Williams had purchased in Las Vegas, Nevada were appearing in crime scenes in other states, including California. PSR Para. 26. While Williams may have been the purchaser of these handguns, it is reasonable to believe that Williams's actions were as a straw buyer of firearms which he provided/sold to other individuals, such as Fauolo, who was from California and had only been in the Las Vegas

area for approximately one day.[1] PSR Para. 26. Fauolo's part in this straw purchase scheme may have directly allowed guns to be provided to other individuals who were involved in various crimes. The harm caused by the criminal possession of these handguns damages our society and endangers the public.

Also concerning are the types of handguns that Fauolo illegally possessed. Two of these handguns, the Glock 19C and FNH USA Five-Seven, held high capacity magazines, capable of holding 15 and 20 rounds of ammunition, respectively. ECF No. 180, Para. 10(d), (e). The FNH USA pistol is known as a "cop-killer" in that its ammunition has the ability to pierce the body armor of police officers.[2] That this FNH USA pistol was one of the guns involved in the straw purchase and illegal transfer to Fauolo is concerning, and may have had dire consequences had it been provided to those who would have sought harm against police officers and law enforcement personnel.

It is important for this Court to note that while Fauolo does not have any criminal convictions, he does have a varied history of failing to appear in court, including state and federal, and repeated failures to follow the conditions set by these respective courts. ECF No. 67, PSR Paras. 6, 28, 49, 50.

A sentence of 12 months and one day (essentially, time-served), as requested by Fauolo in his sentencing memorandum to this Court (ECF No. 190, at 7), does not provide for adequate deterrence, protection of the public, rehabilitation and punishment, and promote respect for the law while reflecting the seriousness of his offense.

---

[1] Testimony at Williams's trial by Fauolo's brother, G.F.
[2] *See* https://www.cnsnews.com/news/article/democrats-want-ban-cop-killer-gun; https://www.cincinnati.com/story/news/crime/crime-and-courts/2019/11/13/fn-five-seven-pistol-controversial-gun-used-kill-dayton-cop-jorge-delrio/4178318002/.

Additionally, as Williams was sentenced by this Court to 28 months and 3 years of supervised release (ECF No. 153) for his part in this gun straw purchase scheme, Fauolo's sentence of 27 months and 3 years of supervised release would prevent disparity between these two sentences, per 18 U.S.C. § 3553(a)(6). The sentence requested by the government takes into account factors under 18 U.S.C. § 3553, and is considerably less than the low end of the guidelines as requested by U.S. Probation.

## **CONCLUSION**

Therefore, the Government recommends the Court sentence Williams to 27 months in custody and 3 years of supervised release.

Respectfully submitted this 8th day of April, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney


 */s/ Jared L. Grimmer*
JARED L. GRIMMER
Assistant United States Attorney